Dear Mayor Morris,
You have requested an opinion of this office regarding the validity of a contract extension that was approved by the city council but never signed by the mayor.
In 2005, the city council authorized the mayor to enter into a special purpose sewerage wastewater contract with Environmental Processing, Inc. The contract was set to expire in August 2009. The city council, by resolution, authorized an extension of the contract at its regular monthly meeting on April 14, 2009. A new contract regarding the extension was never signed by the mayor and the old contract has expired.
In light of these facts, a question has arisen as to whether the extension of the contract is valid. Therefore, you ask the following: where the city council, at a public meeting, approved the extension of a contract between the City of Eunice[1] and Environmental Processing, Inc. to accept sewerage waste at a fixed price, but the contract was never signed by the mayor, is a valid contact in effect? In other words, are the actions of the council by resolution sufficient to create a *Page 2 
binding contract on a Lawrason Act municipality when the mayor has not signed the contract?[2]
As a general rule, a mayor acting alone is without power to execute a contract binding on the city in the absence of an ordinance or resolution by the governing council authorizing him to do so. See Atty. Gen. Op. Nos. 05-0221, 04-0052, 93-283. Once the council authorizes the mayor to enter into a contract, the mayor of a Lawrason Act municipality is the sole authority to sign and execute the contract. La.R.S. 33:404(A)(4). Whether the mayor must sign the contract to make it valid was addressed in La. Atty. Gen. Op. No. 07-0018.
In La. Atty. Gen. Op. No. 07-0018, our office was asked to address the "enforceability of an agreement approved by the board of aldermen and executed by (the mayor) and the legality of an amended agreement approved by the board but not executed" by the mayor. The opinion discussed the separation of powers established under the Lawrason Act and stated as follows:
 As a Lawrason Act Municipality, the Town of Simmesport is subject to the "Lawrason Act" statutes, LSA-R.S. 33:321, et seq. Under the Lawrason Act, the municipality is governed by a mayor-board of alderman form of government with the legislative powers vested in the board of alderman and the mayor acting as the chief executive officer of the municipality. LSA-R.S. 33:362. The mayor/alderman system allows for checks and balances to ensure that neither the mayor nor the Board of Alderman exceeds its authority or acts unilaterally. LSA-R.S. 33:404 sets forth the duties of the mayor and provides, in part, as follows:
 (A) The mayor shall have the following powers, duties, and responsibilities:
 (4) To sign all contracts on behalf of the municipality.
 According to this provision, one of the duties of the Mayor is to sign all contracts of behalf of the municipality. However, if the contract involves the expenditure of funds belonging to the municipality or if the contract requires the municipality to incur debt, then both the Mayor and the Board of Alderman must concur in the expenditure or contract and, if so, then the mayor would sign the contract on behalf of the municipality. Atty. Gen. Op. Nos. 95-226, 94-522, 93-283, 95-226. If the mayor does not approve and sign a contract as *Page 3 required by LSA-R.S. 33:404(A)(4) then the contract is without any legal effect.
(emphasis added). La. Atty. Gen. Op. No. 93-5 also noted that contracts not signed by the mayor are invalid. That opinion considered who had the right, under the City of Slidell's Home Rule Charter, to hire bond counsel. The opinion concluded, "it is our opinion that the mayor is the only official authorized to execute contracts on behalf of the City, whether the contract provides for services to be rendered to the executive branch (mayor) or legislative branch (council). Contracts not executed by the mayor, or executed by others, including council members, would not be valid, and such contracts should not be honored by the mayor, nor should payment be made by him in connection with such contract." Although this opinion was based on a home rule charter instead of the Lawrason Act, the analysis therein is applicable here because the same separation of powers between the legislative and executive branches of local government exists. Finally, La. Atty. Gen. Op. No. 93-283 also considered whether a mayor and board of alderman must both concur in approving a contract. The opinion stated that "if the contract involves the expenditure of municipal funds, both the mayor and the board of aldermen would have to concur in the contract and the mayor would sign it on behalf of the municipality."
In keeping with these past opinions and in light of the mayor's authority to sign contacts under La.R.S. 33:404(4), it is our opinion that because the mayor never signed the contract extension authorized by the city council, there is not a valid contract in effect. Although we are of the opinion that a valid contract does not exist until signed by the mayor, we note that if Environmental Processing has been furnishing services to the City for the past year pursuant to what it reasonably believed was a valid contract, it may have a claim for payment under the equitable remedies of unjust enrichment, detrimental reliance, and/or quantum meruit.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/chb
[1] The City of Eunice is a Lawrason Act municipality. Lawrason Act municipalities are governed by La.R.S. 33:321, et seq. These statutes establish a separation of powers between the mayor and the board of aldermen. The legislative powers, including control of the public fisc, are vested in the board of aldermen while the mayor is the chief executive officer of the municipality. La.R.S. 33:362.
[2] This opinion does not address whether the mayor's signature was required on the resolution authorizing the contract or whether the resolution was the appropriate way to approve the contract extension, but is limited to the question of the validity of the contract without the mayor's signature.